UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANNETTE S. NEWTON**

      **Plaintiff,**

v.                                                       No. SA:19-CV-1448-JKP

**BANK OF AMERICA, N.A.**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America's (BOA) Motion for Summary Judgment and Plaintiff Annette Newton's response. *ECF Nos. 10, 15, 17, 19*. Upon consideration of the motion, all responses and evidence, the Court concludes the motion has merit and will be GRANTED.

### Factual Background

On June 25, 2019, Newton filed in state court, her fourth lawsuit pertaining to BOA's lien and/or attempted foreclosure on property located on Rue Burgundy ("the subject property"). At the same time, Newton obtained a Temporary Restraining Order stopping foreclosure set for July 2, 2019. BOA removed that cause to federal court on July 9, 2019, as *Annette S. Newton v. Bank of America, N.A.*, No SA-19-CV-797-FB ("the previous action"). In the previous action, Newton asserted causes of action for breach of contract, breach of fiduciary duty and breach of duty of cooperation. The statement of Relevant Facts in the Complaint in the previous action are almost identical to the statement of Relevant Facts in this action.

In both actions, Newton states her mother, Olga V. Silva, purchased the subject property in 2005. BOA assumed the note and deed of trust on the subject property some time later. Upon Ms. Silva's passing in 2012, the subject property was bequeathed by her will to a trust. Newton's sister, Gina Padalecki, was executor of Ms. Silva's will and trustee of the trust. Newton alleges Ms. Padalecki, as executor and trustee, attempted to assume the loan, refinance or make payments to no avail. Instead, BOA declared the loan in default and accelerated the note in March 2013. BOA posted the subject property for foreclosure "numerous times. However, [BOA] has not completed a valid foreclosure sale on the Property to date."

On August 8, 2019, BOA sent a formal rescission letter to Newton and all relevant parties in which it rescinded the note's maturity. On August 29, 2019, the District Court granted BOA's motion to dismiss pursuant to Federal Rule of Procedure 12(c) and dismissed Newton's claims with prejudice.

Following dismissal of the previous action, Newton's sister, as executor of the will and trustee of the trust, gave the subject property to Newton by Quit Claim Deed on November 29, 2019. On December 2, 2019, Newton filed suit again in state court seeking declaratory judgment that: (1) pursuant to Texas Civil Practices and Remedies Code Chapter 37, the subject deed of trust lien on the property on Rue Burgundy is void; and (2) pursuant to Texas Civil Practices and Remedies Code Chapter 16, because BOA failed to foreclose within four years after the date of original acceleration of the note, the subject deed of trust lien and power of sale to enforce the lien are void. BOA removed this action to this federal court on December 13, 2019. BOA re-accelerated the note on January 20, 2020. BOA now files a Motion for Summary Judgement.

**Legal Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see also* Fed.R.Civ.P. 56(c).

**Discussion**

BOA argues res judicata bars Newton's requested declaratory relief because she could have asserted these claims for relief in previous lawsuits, specifically the previous action dismissed by this federal court.

Newton responds she did not obtain title to the property until after the dismissal of the previous action, and therefore, she could not have requested the declaratory relief sought here.

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

3

Newton also argues the four-year statute of limitations barring foreclosure on the subject property had not yet expired during the previous action, and for this reason was not yet ripe to assert.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980); *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). The test for res judicata has four elements: (1) the parties in the two actions are identical; (2) a court of competent jurisdiction rendered judgment in the prior action; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005). To determine whether both suits involve the same claim or cause of action under the fourth element, this Court uses the transactional test. *Id.* The transactional test focuses on whether the two cases are based on the same nucleus of operative facts, and the prior judgment's preclusive effect extends to all rights of the plaintiff with respect to any part of the transaction out of which the original action arose. *Id.*; *Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 395-96 (5th Cir. 2004). If all elements are satisfied, res judicata bars all claims and causes of action that were actually raised and bars all claims or causes of action that could have been raised. *Maxwell v. U.S. Bank, N.A.*, 544 F. App'x 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

With regard to the fourth element, evidence in the record establishes Newton could have and should have requested the declaratory relief in the previous action. First, by the transactional test, the two actions are based on the same nucleus of operative facts. In fact, the statement of Relevant Facts in both Complaints is virtually identical. Next, Newton's argument that the statute of limitations claim was not yet ripe at the time of the previous action fails by her own ad-

mission and by evidence presented, and therefore, should have been raised. By Newton's own admission in her Complaint, BOA accelerated the subject loan in March 2013, which means her request for declaratory relief would have been ripe in March 2017. Although she presents no supporting, competent summary judgment evidence, in her response to BOA's Motion for Summary Judgment, Newton asserts BOA accelerated the loan on July 21, 2015. Even if the Court accepted this assertion without evidence, Newton's request for declaratory relief would have been ripe on July 21, 2019. Newton filed the previous action on June 25, 2019, it was removed to federal court on July 9, 2019, and the district court issued its Order of Dismissal on August 29, 2019. Therefore, Newton could have raised the requests for declaratory relief asserted here in the previous action.

The record also establishes the first three elements of res judicata. The parties in the two actions, Annette Newton and Bank of America, are identical. Although Newton asserts she lacked standing in the previous action, the test is whether the parties are identical. The parties do not dispute the judgment in the prior action was rendered by a court of competent jurisdiction, and the previous action was concluded by a final judgment on the merits. Newton fails to present evidence which raises a genuine dispute of material fact on any of these elements.

For these reasons, the summary judgment evidence establishes res judicata bars the declaratory relief requested in this action.

## Conclusion

The Court reviewed Newton's Complaint, BOA's Motion for Summary Judgment, the responses and the exhibits attached. The Court concludes BOA's motion has merit and should be granted.

Accordingly, IT IS HEREBY ORDERED that Bank of America's Motion for Summary Judgment is GRANTED. All requests for declaratory relief are DISMISSED WITH PREJUDICE.  This case is now CLOSED. The Order of Referral to Magistrate Judge Chestney [ECF No. 3] is hereby WITHDRAWN.

Plaintiff Annette Newton is admonished that should she file another case that a court determines to be based upon the same operative facts, claims or causes of action as this and previous cases, she could be subject to imposition of sanctions or pre-filing injunction. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187-192 (5th Cir. 2008).

It is so ORDERED.
SIGNED this 1st day of August, 2020.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE